# EXHIBIT A

**From:**"HOME CLMS-SALIR-SUITS" <home.clms-salir-suits.068o04@statefarm.com>
**Sent:**Thu, 11 Sep 2025 10:39:32 +0000
**To:**"Elliot James" <elliot.james.vadjw7@statefarm.com>; "Anthony Baker" <anthony.baker.ciap@statefarm.com>
**Cc:**"LT - AUTO - Litigation" <LT-AUTO-CL@internal.statefarm.com>
**Subject:**12-87C3-28D
**Attachments:**12-87C3-28D.pdf

*DOC ID: 45766648*

*ROUTING TIME SENSTIVE LEGAL DOC FOR YOUR REVIEW.THE DOCS WILL ALSO BE ROUTED TO LT EMAIL CAPTURE.SALIR SHOULD NOT BE ASSIGNED AS CO/ COL ON ANY CLAIM.IF ASSIGNMENT IS RECEIVED IN ERROR IMMEDIATELY FORWARD TO THE APPROPRIATE SEGMENT.DO NOT RETURN TO SALIR.*

*QDFT*



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32232743**
**Date Processed: 09/10/2025**

**Primary Contact:**   State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Martin Peçanha Teixeira Vaz vs. State Farm Mutual Automobile Insurance Company |
| **Matter Name/ID:** | Martin Peçanha Teixeira Vaz vs. State Farm Mutual Automobile Insurance Company (17869007) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Salt Lake County District Court, UT |
| **Case/Reference No:** | 250905936 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 09/10/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | UT Insurance Department on 09/04/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Martin Peçanha Teixeira Vaz<br>385-454-2690 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Insurance Department**

JONATHAN T. PIKE
*Insurance Commissioner*

**State of Utah**

SPENCER J. COX
*Governor*

DEIDRE M. HENDERSON
*Lieutenant Governor*

September 4, 2025

Corporation Service Company
15 W South Temple STE 600
Salt Lake City, UT 84101
Via Certified Mail

Re:  Martin P T Vaz v. State Farm, Case No. 250905936

Pursuant to Utah Code Sec. 31A-2-310, I enclose papers submitted to the Insurance Department in the above matter for service on State Farm Insurance Co.

Sincerely,

*/s/ Reed Stringham*
Reed Stringham
Deputy Commissioner
Utah Insurance Department

enclosures

Cc:    Martin P T Vaz
       4545 S Atherton Drive
       Taylorsville, UT 84123
       (w/o enclosures)

Salt Lake County Sheriff's Office
Rosie Rivera, Sheriff
Civil Unit

Date_____

Time_____

Deputy Signature_____

FILED DISTRICT COURT
Third Judicial District

___ 2 8 2025

SALT LAKE COUNTY

By_____
                              Deputy Clerk

**MARTIN P t VAZ**
Name

**454S s Atherton DR**
Address

**tAylorsvill UtAH 84123**
City, State, Zip

**385 454 2690**
Phone

**MArtin p t v @ Hotmail.Com**
Email

I am  [X] Plaintiff/Petitioner   [ ] Defendant/Respondent

     [ ] Plaintiff/Petitioner's Attorney     [ ] Defendant/Respondent's Attorney   (Utah Bar #: _____)

---

### In the District Court of Utah

**3rd Dist ct** Judicial District   **S L C** _____ County

Court Address_____

| | |
|---|---|
| **MARTin P t VAZ** <br> Plaintiff/Petitioner <br><br> v. <br><br> **STATe FARM** <br> Defendant/Respondent | **Summons (In-State)** <br><br> **250905936** <br> Case Number <br><br> **RICHARD PehRSON** <br> Judge <br><br> _____ <br> Commissioner (domestic cases) |

The State of Utah to
**STATe FARM**                                                    (party's name):

A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer.
**Deadline!**
 Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this

Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta.
**¡Fecha límite para contestar!**
Su Respuesta debe ser presentada en el

---

**Deadline!**
Your Answer must be filed with the court and served on the other party **within 30 days** of the date you were served with this Summons.

If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story.

**Read the complaint/petition**
The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully.

**Answer the complaint/petition**
You must file your Answer in writing with the court **within 30 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans

Scan QR code to visit page

**Serve the Answer on the other party**
You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons.

**¡Fecha límite para contestar!**
Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio.

Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos.

**Lea la demanda o petición**
La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente.

**Cómo responder a la demanda o petición**
Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span

Para accesar esta página escanee el código QR

**Entrega formal de la respuesta a la otra parte**
Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en

**Finding help**
The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.

 Scan QR code to visit page.

la esquina izquierda superior de la primera hoja del citatorio.

**Cómo encontrar ayuda legal**
Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.

 Para accesar esta página escanee el código QR

---



An Arabic version of this document is available on the court's website:

نسخة عربية من هذه الوثيقة على موقع المحكمة على تَ وجد الإنترنت:

utcourts.gov/arabic-out

---

A Simplified Chinese version of this document is available on the court's website:

本文件的简体中文版可在法院网站上找到：

utcourts.gov/chinese-out

请扫描QR访问网页

---

A Vietnamese version of this document is available on the court's website:

Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

utcourts.gov/viet-out

 Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang

---

### Plaintiff/Petitioner or Defendant/Respondent

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at  SALT LAKE City UthA  (city, and state or country).

Date  28 JULY 2025

Signature ▶ _(signature)_

Printed Name  MARtin D T VAZ

**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

Signature ▶ _____

_____
Date

Printed Name _____

IN THE THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

*MARTIN VAZ*
*ADRESS 4545 s AtHerTon DR*
*B 7 / AP 136 = TAyLorsVille*
*136                    84123 - U t*
*email. MARTinptv @ Hotmaii .com*

Martin Peçanha Teixeira Vaz,

Plaintiff,


v.


State Farm Mutual Automobile Insurance Company,

Defendant.


| |

|—|—|

| COMPLAINT | Case No. *2569097 36*

| | Judge: *Pehron*

————

## I. PARTIES AND JURISDICTION

    1.    Plaintiff Martin Peçanha Teixeira Vaz ("Plaintiff") is a resident of Salt Lake County, Utah, and was at all relevant times the owner and operator of a 1998 Ford Mustang involved in the subject incident.

    2.    Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") is an insurance company licensed to do business in Utah, and was the liability insurer for the at-fault driver involved in the collision on June 26, 2025.

3.      Jurisdiction and venue are proper in this Court pursuant to Utah Code § 78B-3-307 because the events giving rise to this Complaint occurred in Salt Lake County, Utah.

———

## II. FACTUAL BACKGROUND

4.      On June 26, 2025, Plaintiff was lawfully operating his vehicle in Taylorsville, Utah, when he was struck by a negligent driver insured by State Farm, rendering Plaintiff's vehicle inoperable.

5.      Though cosmetic damage appeared minor, the crash caused internal mechanical failure, including catastrophic engine damage.

6.      Plaintiff also suffered serious bodily injuries including spinal trauma, persistent headaches, fever, and cardiovascular stress, and later received a diagnosis of a T4 vertebral body compression fracture with 60% height loss.

7.      Plaintiff filed a claim with State Farm and promptly submitted all required documentation, including photographs, medical records, and access to the vehicle for inspection.

8.      On July 8, 2025, State Farm issued a communication disclaiming coverage for "most" of the vehicle's repair list, despite admitting their investigation was still incomplete and without having conducted any technical inspection.

———

## III. CLAIMS FOR RELIEF

## COUNT I – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

9.      Plaintiff incorporates by reference the foregoing paragraphs.

10.     Under Utah law and Utah Code Ann. § 31A-26-303, insurance companies owe a duty to act in good faith and deal fairly with claimants.

11.   State Farm breached this duty by:

- Denying or delaying the claim without reasonable basis;
- Failing to conduct a reasonable investigation;
- Misrepresenting the nature of damages;
- Compelling litigation by refusing to offer any fair settlement.

12.   As a result, Plaintiff suffered economic and non-economic damages, including but not limited to:

- Medical expenses;
- Lost wages;
- Permanent injury;
- Pain and suffering;
- Emotional distress.

COUNT II – BAD FAITH INSURANCE PRACTICES (TORT CLAIM)

13.   Plaintiff incorporates all prior paragraphs.

14.   State Farm's actions constitute willful and knowing violations of its statutory and common-law duties.

15.   Plaintiff seeks punitive damages under Utah law and as permitted by Camp v. Deseret Mut. Benefit Ass'n and Beck v. Farmers Ins. Exchange.

———

IV. DAMAGES

Plaintiff seeks the following:

- Compensatory damages: $1,500,000
- Punitive damages: $1,000,000
- Legal costs and attorney fees
- Any other relief the Court deems just and proper.

———

## V. JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

———

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant as follows:

1. Compensatory damages in an amount to be determined at trial but not less than $1,500,000;

2. Punitive damages in the amount of $1,000,000;

3. Prejudgment interest, court costs, and attorney's fees;

4. Any other relief this Court deems just and proper.

———

Respectfully submitted,

Dated: July 18, 2025

Martin Peçanha Teixeira Vaz

B7 136 – 4545 S Atherton Dr

Taylorsville, UT 84123

(385) 454-2690

martinptv@hotmail.com

CERTIFICATE OF SERVICE

I certify that on July 18, 2025, I served a copy of this Complaint via certified mail and email to:

State Farm Mutual Automobile Insurance Company

Attn: Claims Department – Bad-Faith Unit

One State Farm Plaza

Bloomington, IL 61710

Email: claims@statefarm.com

---

Martin Peçanha Teixeira Vaz

(Privileged & Confidential – Settlement Communications Made Pursuant to Rule 408, Fed. R. Evid.)

———

NOTICE OF INSURANCE BAD-FAITH AND FORMAL DEMAND FOR DAMAGES

Date: 15 July 2025

Via E-Mail and Certified Mail–Return Receipt Requested

State Farm Mutual Automobile Insurance Company

Attn: Claims Department – Bad-Faith Unit

One State Farm Plaza

Bloomington, IL 61710

E-Mail: statefarmclaims@statefarm.com

———

Re:

Claim No. 1287c328d – Martin Vaz v. State Farm (MVA of 26 June 2025)

Adjuster: Elliot James, Auto Claims Specialist, Injury

Insured Vehicle: 1998 Ford Mustang, VIN: 1FAFP4446WF117989, Plate: 6CHP0

Other Party: Bryce Cutler – 2008 Honda Civic CRX-OER Del Sol, VIN:

2HGFG12868H554280, Plate: 1BLO61UState Farm Policy of At-Fault Driver: 11259552f1212b

———

1. Parties

• Claimant: Martin Vaz ("Mr. Vaz"), claimant and third-party beneficiary under the policy.

• Insurer: State Farm Mutual Automobile Insurance Company ("State Farm").

•

2. Factual Background

1. On 26 June 2025, Mr. Vaz was struck by an at-fault driver, Bryce Cutler, while lawfully operating his 1998 Ford Mustang in Taylorsville, Salt Lake County, Utah.

2. The collision rendered the vehicle inoperable. While outward cosmetic damage is minor, the engine and internal systems suffered catastrophic failure.

3. Mr. Vaz sustained physical injuries including spinal pain, persistent headaches, and fever. Though a CT scan showed no abnormalities, a medically-indicated MRI was wrongfully refused

by the treating hospital, worsening his condition.

4. Mr. Vaz promptly filed a claim with State Farm, provided medical documentation, photos, and remains fully available for technical inspection of the vehicle.

5. On July 8, 2025, Adjuster Elliot James sent the following statement:

"Please note, we have not yet completed our evaluation, and we are not yet prepared to offer a settlement at this time. Please also note that most of the items on the repair list do not appear to be related to damages sustained in this accident."

1. On 26 June 2025, Mr. Vaz was struck by an at-fault driver while operating the above-referenced vehicle in Salt Lake County, Utah.2. The crash rendered the vehicle inoperable; outward cosmetic damage is minor, but the engine and internal components suffered catastrophic failure.

3. Mr. Vaz sustained significant physical injuries, including persistent spinal pain, headaches, and fever. A CT scan was negative, yet a medically-indicated MRI was wrongfully refused at the treating hospital, exacerbating his condition.

4. Mr. Vaz promptly opened a claim, supplied photos, medical records, and remains fully available for inspection.

5. On 8 July 2025, Adjuster Elliot James e-mailed the following (emphasis added):

"Please note, we have not yet completed our evaluation, and we are not yet prepared to offer a settlement at this time.

Please also note that most of the items on the repair list do not appear to be related to damages sustained in this accident."

Despite admitting the investigation is incomplete and having no expert inspection or technical report, State Farm has prematurely disclaimed coverage for "most" repairs, thereby prejudging liability and delaying benefits.

Mr. Vaz suffers:

- Persistent thoracic pain;

- Mobility limitations;

- Loss of earning capacity;

- Emotional and psychological trauma;

- Sleep disturbance;

- Cardiovascular stress and risk.3. Legal Basis for Bad-Faith Liability

Under Utah Code Ann. § 31A-26-303, insurers owe a duty of good faith and fair dealing and must not:

- Deny or delay claims without a reasonable basis or without conducting a reasonable investigation;

- Misrepresent facts or policy provisions;

- Compel insureds to litigate by offering substantially less than amounts ultimately recovered.

State Farm's conduct—issuing an unsubstantiated partial denial before completing any independent inspection—violates these obligations and constitutes bad-faith insurance practices

actionable under Camp v. Deseret Mut. Benefit Ass'n, 814 P.2d 1163 (Utah 1991) and Beck v. Farmers Ins. Exchange, 701 P.2d 795 (Utah 1985).

NOTICE OF INSURANCE BAD-FAITH AND FORMAL DEMAND FOR DAMAGES

Martin Vaz v. State Farm

Total Demand: $2,500,000

Claim Component – Spinal Injury Alone: $1,225,000

ADDENDUM – MEDICAL BASIS FOR CLAIMED DAMAGES

A. Permanent Thoracic Spinal Injury (T4 Compression Fracture)According to a thoracic CT scan performed and signed by Dr. Kyle R. Walker, DO, on July 9,

2025, Mr. Vaz sustained a:

"Subacute T4 vertebral body compression fracture deformity with approximately 60% vertebral body height loss and mild increased thoracic kyphosis."

This level of compression constitutes a severe mechanical and postural injury with potential for

permanent chronic pain, nerve impingement, and loss of range of motion. No such findings were

documented prior to the motor vehicle accident of June 26, 2025. The report also notes:

• Mild degenerative disc disease at T5–T6 and T6–T7;

• Chronic nonosseous union of the C7 spinous process;

• Evidence of cardiomegaly (enlarged heart), possibly worsened by trauma or pain/stress

response.

As a result of this spinal injury, Mr. Vaz has experienced:

• Persistent pain and stiffness;

• Difficulty standing or sitting for prolonged periods;

• Impaired mobility and work capacity;

• Acute psychological distress due to disability;

• Sleep disturbance and reduced quality of life;

• Increased cardiovascular strain (as evidenced by cardiomegaly).

B. Specific Damages Related to the T4 FractureThe Utah Supreme Court has consistently affirmed that an insurer's duty of good faith includes

the obligation to promptly and fairly evaluate and pay valid claims. In Beck v. Farmers Insurance

Exchange, 701 P.2d 795 (Utah 1985), the Court recognized a cause of action for breach of the

implied covenant of good faith and fair dealing in first-party insurance claims. Further, in Camp

v. Deseret Mutual Benefit Ass'n, 814 P.2d 1163 (Utah 1991), the Court emphasized that

delaying or denying benefits without a reasonable basis may give rise to tort liability and

punitive damages.

B. Specific Damages Related to the T4 Fracture

Category

Amount

Past & Future Medical Treatment (imaging, consultations, rehab)

$75,000

**Permanent Partial Disability – Thoracic Spine**

$550,000

**Pain, Suffering, Emotional Distress**

$300,000

**Loss of Earning Capacity**

$100,000

**Transportation Barriers Due to Impairment**

$35,000

**Risk to Cardiac Health (secondary to trauma/pain)$165,000**

**Subtotal: Spinal Injury**

$1,225,000

**C. Integration into the Full Legal Document**

**Category**

**Amount (to date)**

**Spinal Injury & cardiomegaly (details above)**

$ 1,225,000

**Mechanical & structural vehicle loss**

$ 25,000

**Other medical expenses (non-orthopedic)**

$ 110,000

**Loss of use / alternative transport**

$ 7,500

**Wage loss (initial period post-accident)**

$ 35,000

**General pain & suffering (non-spinal)**

$ 97,500

Punitive & exemplary damages for bad faith

$ 1,000,000

Total Demand$ 2,500,000

LEGAL BASIS FOR CLAIM VALUATION UNDER RELEVANT PRECEDENT

The total demand of $2,500,000, including $1,225,000 for documented spinal and cardiological injuries and $1,000,000 in punitive damages, is not only factually supported but also consistent with precedents under Utah and federal jurisprudence regarding insurer bad faith.

———

I. Precedent Supporting Bad-Faith Claims and Damages Multiples

Utah and federal courts have consistently upheld substantial compensatory and punitive awards in cases involving insurance bad faith, particularly where the insurer unreasonably delays or denies payment, fails to investigate claims in good faith, or prejudges liability.

1. Campbell v. State Farm Mut. Auto. Ins. Co., 538 U.S. 408 (2003) / 65 P.3d 1134 (Utah 2001)

• Facts: State Farm refused to settle within policy limits, exposing its insured to excess judgment.

• Jury Award: $2,600,000 compensatory + $145,000,000 punitive.

• Final Outcome: SCOTUS upheld liability but reduced punitive to $9,018,780 — still a ~3.5:1 ratio, endorsing high punitives in cases of egregious insurer misconduct.

2. Smith v. Fairfax Realty, Utah District Court (2003)• Facts: Insurer acted with gross negligence and indifference.

• Award: $1,100,000 in compensatory damages and $5,500,000 in punitive damages (5:1 ratio).

• Recognized by Utah courts as within constitutional bounds under due process standards for punitive damages.

3. UMIA v. Saltz (Utah 2022)

• Facts: Medical insurer refused legal defense and coverage.

• Damages: $573,212 compensatory; punitive damages under review.

- Court recognized insurer liability for contractual and extracontractual misconduct.

4. Other Jurisdictions — Notable Awards

- Nevada, 2025 (USAA): Jury awarded $14 million compensatory and $100 million punitive in a bad-faith delay of auto injury claim.
- Hangarter v. Provident (California): Upheld $5 million punitive where insurer failed to pay disability benefits in good faith.

II. Comparative Damage Ratios and Constitutional Guidelines

Case

Compensatory

Punitive

Ratio

Campbell v. State Farm

$2.6M$145M → $9M final

~3.5:1

Smith v. Fairfax Realty (Utah)

$1.1M

$5.5M

~5:1

UMIA v. Saltz

$573K

TBD

TBD

USAA (Nevada, 2025)

$14M

$100M

~7:1

Hangarter v. Provident (CA)

—

$5M

—

By comparison, Mr. Vaz's demand of $1,225,000 in compensatory and $1,000,000 in punitive

reflects a ratio of less than 1:1, making it both modest and fully defensible under due process

jurisprudence (e.g., BMW v. Gore, Campbell, TXO v. Alliance).

———III. Proportionality and Reasonableness of Damages

Given the documented permanent injury (60% vertebral body height loss at T4), loss of function,

medical expenses, loss of income, pain and suffering, and emergent cardiological concerns

(cardiomegaly), the claim is justified on both factual and legal grounds.

The insurer's conduct — prematurely disclaiming coverage without technical investigation,

delaying resolution, and implying partial denial in absence of full evaluation — is precisely the

conduct disfavored under Beck v. Farmers Ins. Exchange, 701 P.2d 795 (Utah 1985), and Camp

v. Deseret Mut. Benefit Ass'n, 814 P.2d 1163 (Utah 1991).

———

IV. Conclusion

Based on the seriousness of Mr. Vaz's injuries and State Farm's deviation from lawful claims

handling duties, the total demand of $2,500,000 is well within precedent-supported ranges for

similar cases in Utah and other U.S. jurisdictions.

We reserve the right to seek full punitive damages under state and federal law should this matter

not resolve expeditiously.Respectfully submitted,

Martin Peçanha Teixeira Vaz

B7 136 — 4545 S Atherton Dr

Taylorsville, UT 84123

Phone: (385) 454-2690

Email: martinptv@hotmail.com

## UTAH JUSTICE COURT COVER SHEET

Plaintiff/Petitioner (First):

Name: Martin Peçanha Teixeira Vaz

Address: 4545 South Atherton Drive, Building 7, Apt 136

City, State, Zip: Taylorsville, UT 84123

Phone: (385) 454-2690

Email: martinptv@hotmail.com


Defendant/Respondent (First):

Name: State Farm Mutual Automobile Insurance Company

Address: One State Farm Plaza

City, State, Zip: Bloomington, IL 61710


First Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner:

Name: Self-represented

Phone: N/A

Email: N/A

Bar Number: N/A

---

## Total Claim for Damages:


Amount: $2,500,000

## Jury Demand:

☐ No

☒ Yes

---

## Schedule of Fees (Check all that apply):

☒ This is a civil claim for damages (personal injury / restitution to crime victim)

☒ Motion to Waive Fees (Form 111) attached

☒ Claim exceeds $300,000 (URCP Tier 3 applies)

---

## Form 111 – Motion to Waive Fees (Utah Courts)

Full Name: Martin Peçanha Teixeira Vaz

Address: 4545 South Atherton Drive, Building 7, Apt 136

City: Taylorsville

State: UT

ZIP Code: 84123

Phone: (385) 454-2690

Email: martinptv@hotmail.com

Court: Third District Court – Salt Lake County

Case Type: Civil Complaint – Personal Injury / Insurance Bad Faith

Approximate Monthly Income: $800

Monthly Expenses (Rent, Food, Transportation, etc.): $1,500

---

## Explanation:

I am currently unable to pay the required court filing fees due to financial hardship. My monthly income is approximately $800, and it is entirely used for basic living expenses such as food, transportation, and rent. I am recovering from a traumatic auto collision involving a negligent driver insured by the Defendant, and I do not have sufficient funds to afford court costs. I respectfully request that the court waive the filing fees so I may pursue justice and restitution for the severe injuries and financial losses I have sustained as a victim.

---

I declare under penalty of perjury that the information provided is true and correct.

Date: July 18 2025_____

Signature: Martin vaz _____

# Utah District Court Cover Sheet for Civil Actions (Not for Probate and Domestic Relations Cases)

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveerá un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**Plaintiff/Petitioner (First)** _MARTIN VAZ_

Name _4545 S Atencion Dr_

Address

City, State, Zip

Phone          Email

**First Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

**Plaintiff/Petitioner (Second)**

Name

Address

City, State, Zip

Phone          Email

**Second Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

**Defendant/Respondent (First)** _STATE FARM_

Name

Address

City, State, Zip

Phone          Email

**First Defendant/Respondent's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

**Defendant/Respondent (Second)**

Name

Address

City, State, Zip

Phone

**Second Defendant/Respondent's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

*Attorney or LPP addresses provided by Utah State Bar.

**Total Claim for Damages $** _2 500 000_    **Jury Demand** [ ]Yes [ ] No    $250 [ ] Jury Demand

**Schedule of Fees: §78A-2-301** (Choose all that apply. See Page 2 for fees for claims other than claims for damages.)

**CHOOSE ONE:**
[ ] No monetary damages are requested (URCP 26: Tier 2)
[ ] Damages requested are $50,000 or less (URCP 26: Tier 1)
[ ] Damages requested are more than $50,000 and less than $300,000 (URCP 26: Tier 2)
[ ] Damages requested are $300,000 or more (URCP 26: Tier 3)
[ ] Domestic relations (URCP 26: Tier 4)
[ ] Damages are unspecified.
Circle one:  Tier 1    Tier 2    Tier 3
[ ] This case is exempt from URCP 26. (E)

— — MOTION TO RENEW JUDGMENT — —
$45    [ ] Damages $2000 or less

$100    [ ] Damages $2001 - $9,999
$187.50    [X] Damages $10,000 & over
— COMPLAINT OR INTERPLEADER — —
$90    [ ] Damages $2000 or less
$200    [ ] Damages $2001 - $9999
$375    [X] Damages $10,000 & over
$375    [ ] Damages Unspecified
— COUNTERCLAIM, CROSS CLAIM, THIRD PARTY CLAIM, OR INTERVENTION — —
$55    [ ] Damages $2000 or less
$165    [ ] Damages $2001 - $9999
$170    [X] Damages $10,000 & over
$170    [ ] Damages Unspecified

**Choose One**

| Fee | Case Type |
|---|---|
| | **— — — — APPEALS — — — —** |
| $375 | [ ] Administrative Agency Review |
| Sch | [ ] Tax Court (Appeal of Tax Commission Decision) Court: Refer to Clerk of Court upon filing. |
| $240 | [ ] Civil (78A-2-301(1)(h)) (E) |
| $240 | [ ] Small Claims Trial De Novo (E) |
| $80 | [ ] Municipal Admin. Determination. (E) |
| | **— — — GENERAL CIVIL — — — —** |
| Sch | [ ] Civil Rights |
| $0 | [ ] Civil Stalking (E) |
| $375 | [ ] Condemnation/Eminent Domain |
| Sch | [ ] Contracts |
| Sch | [ ] Contract: Employment Discrimination |
| Sch | [ ] Contract: Fraud |
| Sch | [ ] Debt Collection |
| $375 | [ ] Essential Treatment Intervention (26B-5-503) |
| Sch | [ ] Eviction/Forcible Entry and Detainer (E) |
| $375 | [ ] Extraordinary Relief/Writs |
| $375 | [ ] Forfeiture of Property (E) |
| Sch | [ ] Interpleader |
| Sch | [ ] Lien/Mortgage Foreclosure |
| Sch | [ ] Miscellaneous Civil |
| $375 | [ ] Post Conviction Relief: Capital (E) |
| $375 | [ ] Post Conviction Relief: Non-capital (E) |
| Sch | [ ] Property Rights |
| $375 | [ ] Registry Removal (Gun/White Collar) |
| Sch | [ ] Sexual Harassment |
| Sch | [ ] Water Rights |
| $375 | [ ] Wrongful Lien |
| Sch | [ ] Wrongful Termination |
| | **— — — — — TORTS — — — — —** |
| Sch | [ ] Automobile Tort |
| Sch | [ ] Intentional Tort |
| Sch | [ ] Malpractice-Medical Tort |
| Sch | [ ] Malpractice-Legal Tort; Other |
| Sch | [ ] Premises Liability |
| Sch | [ ] Asbestos |
| Sch | [ ] Product Liability (NOT Asbestos) |
| Sch | [ ] Slander/Libel/Defamation |
| | **— — — DOMESTIC RELATIONS — — — —** |

Use the **Utah District Court Cover Sheet for Domestic Relations Cases for the following:**
Protective Orders; Marriage Adjudication, Divorce/Annulment, Custody/Visitation/Support, Counterclaim: Divorce/Separate Maintenance, Counterclaim: Custody/Visit/Support, Counterclaim: Paternity/Grandparent Visitation,

| Fee | Case Type |
|---|---|
| | Domestic Modification, Counter-petition: Domestic Modification, Grandparent Visitation, Paternity/Parentage, Separate Maintenance, Temporary Separation, Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA), Uniform Interstate Family Support Act (UIFSA), Expungement Petition – Protective Order |
| | **— — — — JUDGMENTS — — — —** |
| $35 | [ ] Foreign Judgment (Abstract of) (E) |
| $375 | [ ] Foreign Country Judgment (E) |
| $50 | [ ] Abstract of Judgment/Order of Utah Court/Agency (E) |
| $30 | [ ] Abstract of Judgment/Order of Utah State Tax Commission (E) |
| $35 | [ ] Judgment by Confession (E) |
| | **— — — — PROBATE — — — —** |

Use the **Utah District Court Cover Sheet for Probate Actions for the following:**

Adoptions/foreign adoptions; conservatorships; estate personal rep; foreign probate; gestational agreements; guardianships; minor's settlements; name changes; supervised administration cases; trusts; other probate actions

| Fee | Case Type |
|---|---|
| | **— — —SPECIAL MATTERS — — —** |
| $35 | [ ] Arbitration Award (E) |
| $0 | [ ] Determination Competency-Criminal (E) |
| $150 | [ ] Expungement Petition - Criminal (E) |
| $150 | [ ] Expungement Petition – Eviction (E) |
| $0 | [ ] Expungement Petition - Civil Protective Order/Civil Stalking Injunction (E) |
| $0 | [ ] Hospital Lien (E) |
| $35 | [ ] Judicial Approval of Document: Not Part of Pending Case (E) |
| $35 | [ ] Notice of Deposition in Out-of-State Case/Foreign Subpoena (E) |
| $35 | [ ] Open Sealed Record (E) |
| $50 | [ ] Petition for Adjudication of Priority to Funds on Trustee's Sale |
| | **— — — — — — —OCAP — — — —** (Utah Code §78A-2-501) |
| $20 | [ ] Documents prepared using Online Court Assistance Program (OCAP) |

Dear Ciearrae ,

I'm trying to reach the 3rdnewcase@utcourts.gov team without any successful support until so I am send this New Complaint with some Documentation achievements also thank you for your patience!

I am hereby submitting the essential documents related to my case against State Farm, concerning the accident that occurred on June 26, 2025.

Since the accident, my life has been completely disrupted. I am no longer able to drive, work, go to the gym, swim, or even use a hot tub. I cannot sleep without strong medication for pain and insomnia, and my physical capacity is extremely limited.

In addition to the physical and emotional damage I am enduring, the insurance company has acted in a fraudulent and bad-faith manner, disregarding the severity of the damage to my vehicle without any technical inspection. This is evidenced in the attached email sent by their agent, Eliott, which clearly demonstrates abusive conduct and deliberate bad faith.

I am currently under continuous medical care, with appointments scheduled with both a neurosurgeon and a cardiologist. The attached medical reports confirm serious injuries, including a compression fracture in my T4 vertebra with a 60% loss of height, and an enlarged heart—potentially caused or worsened by the emotional and physical stress resulting from the incident.

Since the accident, I have required the use of a thoracolumbar compression support device due to the vertebral fracture and instability."

Although some conditions may have existed prior to the collision, many were aggravated or originated entirely as a direct consequence of the accident, as supported by the clinical reports.

I am also submitting images from my chiropractic treatment. My current chiropractor has strictly restricted me from any physical exertion. I can only travel for medical appointments or treatment, and even that is done with significant difficulty and pain.

The documents I am submitting include:

- Medical reports and clinical test results;
- The formal Complaint stating the facts and the relief sought;
- Images from my chiropractic treatment;
- The email from State Farm agent Eliott, evidencing bad faith.

I respectfully request that these materials be included in the case file for full consideration by the Court. My request for a waiver of court filing fees is also supported by my current medical and financial condition.

Thank you for your attention. I remain available for any further clarification or information.

Sincerely,

Martin Peçanha Teixeira Vaz

martinptv@hotmail.com

(385) 454-2690







## Re: 12-87C3-28D

**From:** HOME CLMS-STATEFARMCLAIMS statefarmclaims@statefarm.com
**To:** martinptv@hotmail.com
**Date:** Mon, Jul 7, 2025, 2:43 PM

Martin,

Please note, we have not yet completed our evaluation, and we are not yet prepared to offer a settlement at this time.

Please also note that most of the items on the repair list do not appear to be related to damages sustained in this accident.

We will be in contact soon, once our investigation has been completed.

Thank you,

**Elliot James**
**Auto Claims Specialist, Injury**
**Direct Line: (901)384-5776**
**Fax: (855) 820-6318**
**Email: statefarmclaims@statefarm.com**
re³markable™
**Every Associate I Every Interaction I Every Day**

---

**From:** Martin Peçanha martinptv@hotmail.com
**To:** HOME CLMS-STATEFARMCLAIMS statefarmclaims@statefarm.com
**Date:** Tue, Jul 8, 2025, 11:59 AM



# TECHNICAL & LEGAL SUMMARY FOR INSURANCE DISPUTE

In light of the above findings, I reiterate my request for:

- Minimum compensation of $5,000 USD to cover confirmed, document-supported repairs, or
- Reassessment of the total loss valuation, adjusted to reflect full fair market value of a collector-grade vehicle in preserved condition.

Statement:

"In the face of doubt, equity must favor the insured. The car was driving fine before the accident — and now it's falling apart. That timeline tells the truth."

Get Outlook for iOS

From: Martin Peçanha martinptv@hotmail.com
To: HOME CLMS-STATEFARMCLAIMS statefarmclaims@statefarm.com
Date: Tue, Jul 8, 2025, 1:43 PM
Subject: Final Notice – Delay in Total Loss Offer

Dear

Please be advised that under applicable U.S. insurance law, you are required to issue a formal settlement offer within 30 days of completing your investigation into a reported loss.

As of today, that deadline is approaching. Any further delay without proper justification may constitute bad faith insurance conduct, which is grounds for legal action and complaint to the Utah Insurance Department.

I remain available for full cooperation. If you wish to send an independent inspector to assess the vehicle, I will make it accessible upon request.

I expect a written settlement offer reflecting fair market value, including supporting documents. Please consider this a final notice before escalation.

Sincerely,

Martin P. T. Vaz

martinptv@hotmail.com

Salt Lake City, Utah / Ipanema, Brazil

Get Outlook for iOS

---

From: Martin Peçanha martinptv@hotmail.com
To: HOME CLMS-STATEFARMCLAIMS statefarmclaims@statefarm.com
Date: Thu, Jul 10, 2025, 7:05 PM
Subject: Urgent request for concrete deadline to finish the claim

Dear Mr. Eliott,
Hope you are well.

I understand the evaluation of the claim still going, but I would like to ask, in a clear and objective way, a concrete deadline for the conclusion of the process.

I'm with the car unable to use, what has prejudicated directly my transportation to medical treatments that are essential. Even if I can't drive now, my father is not managing to take me to the doctor with my car, things like this. The delay of the payment is causing significant troubles.

Please, tell me all the paths of how the claim go.
You gonna give me the money of the car?
I need the car functioning.

So, I ask you to tell me a definitive deadline for the proposal.

Thank you,
Martin

Get Outlook for iOS

From: Martin Peçanha martinptv@hotmail.com
To: HOME CLMS-STATEFARMCLAIMS statefarmclaims@statefarm.com
Date: Thu, Jul 10, 2025, 7:39 PM

Omission or hiding of information means not giving clear reasons for the denial or delay.

I wanna know what the company's protocol is for denying my $5,000 claim,

making assumptions that don't follow basic ethics, and not giving me the full technical reports to back up these totally baseless arguments.

Like I'm just supposed to sit around waiting on your evaluation with no deadline, not even a rough idea, while I'm dealing with post-traumatic pain.

That feels like unfair and abusive treatment,

using messed-up or ineffective criteria in my case, while similar situations get handled differently.

With or without bad intent,

it looks like you're just dragging things out to wear me down with unnecessary and inhumane

delay.

I'm in pain. I'm asking for a real explanation of how this company works in cases like mine, a timeline, a clear deadline, and a conversation that's actually human and helpful.

martin P T

Get Outlook for iOS

---

5 Emails



# State of Utah
**DEPARTMENT OF INSURANCE**

State Office Building, ~~Suite 3110~~
PO Box 146901
Salt Lake City, Utah 84114-6901

RETURN SERVICE REQUESTED

7015 1520 0001 3219 4650

Corporation Service Company
15 W South Temple STE 600
Salt Lake City UT 84101

