THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MARTIN PECANHA TEIXEIRA VAZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:25-cv-00860-DAK-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

Pro se Plaintiff Martin Pecanha Teixeira Vaz ("Plaintiff") filed this lawsuit against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in Utah Third District Court.[2] State Farm subsequently removed the case to this court.[3]

Plaintiff alleges that he was involved in a traffic accident on June 26, 2025, in Taylorsville, Utah.[4] Plaintiff claims that "the at-fault driver" of the other vehicle involved in the accident was "negligent."[5] Plaintiff asserts that the driver of the other vehicle was insured by

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 12.

[2] ECF No. 2-1.

[3] ECF No. 2.

[4] ECF No. 2-1 at 10 of 44.

[5] *Id*. at 9-10 of 44.

State Farm.[6] Plaintiff alleges that the accident "caused internal mechanical failure" to his vehicle, "including catastrophic engine damage."[7] Plaintiff claims that he "also suffered serious bodily injuries" as a result of the accident.[8] Plaintiff alleges that he filed a claim with State Farm for the damage to his vehicle and his bodily injuries.[9] Plaintiff contends that State Farm "disclaim[ed] coverage for 'most' of the vehicle's repair list."[10]

Based upon those allegations, Plaintiff asserts claims against State Farm for: (1) breach of the implied covenant of good faith and fair dealing; and (2) bad faith insurance practices.[11] Plaintiff seeks $1,500,000 in compensatory damages and $1,000,000 in punitive damages.[12]

On the same day it removed this case to this court, State Farm moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).[13] Plaintiff opposed State Farm's motion.[14]

## LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[15] In addition to accepting a plaintiff's

---

[6] *Id.*

[7] *Id.* at 10 of 44.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 10-11 of 44.

[12] *Id.* at 12 of 44.

[13] ECF No. 3.

[14] ECF No. 7.

[15] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

well-pleaded facts as true, the court "view[s] them in the light most favorable to [the plaintiff] . . . and draw[s] all reasonable inferences from the facts in favor of [the plaintiff]."[16] "Rather than adjudging whether a claim is 'improbable,' 'factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'"[17] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[18]

Recognizing that Plaintiff is proceeding pro se, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[20] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[21]

## Analysis

The court should grant State Farm's motion to dismiss and dismiss Plaintiff's claims with prejudice because they are barred under Utah law.[22]

---

[16] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[17] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (citation modified).

[18] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id*.

[21] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[22] Because this is a "diversity case governed by Utah law, [the court] must ascertain and apply Utah law such that [the court] reach[es] the same result that the Utah courts would reach." *Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1553 (10th Cir. 1993).

> Utah adheres to the general rule, that in the absence of a contractual provision or a statute or ordinance to the contrary, the absence of privity of contract between the injured party and the tortfeasor's insurer bars a direct action by the injured party against the insurer in automobile insurance cases.[23]

Thus, "'in Utah, a plaintiff must direct his action against the actual tortfeasor, not the insurer.'"[24]

The only exception to that general rule is if a tortfeasor's insurer is permitted to be joined with the tortfeasor as required by statute.[25] "Utah Code section 31A-22-201 is therefore the only avenue by which [a plaintiff] could have standing to sue [a tortfeasor's insurer]."[26] "Under that statute, a tortfeasor's insurer may be joined with the tortfeasor if the plaintiff 'can establish that (1) the tortfeasor was insured under the insurer's policy and (2) the plaintiff obtained, but was unable to execute on, a judgment against the tortfeasor.'"[27]

The general rule outlined above bars Plaintiff's direct action against State Farm. Further, the limited exception to that general rule does not apply. Although Plaintiff has alleged that the other driver in the subject accident was insured by State Farm, Plaintiff has not alleged that he sued the other driver, obtained a judgment against that driver, and was unable to execute on the

---

[23] *Davis Cnty. v. Jensen*, 2003 UT App 444, ¶ 13, 83 P.3d 405, 408 (citation modified).

[24] *Berneau v. Martino*, 2009 UT 87, ¶ 18, 223 P.3d 1128, 1133 (quoting *Campbell v. Stagg*, 596 P.2d 1037, 1039 (Utah 1979)) (citation modified); *see also Huitron v. Kaye*, 2022 UT 36, ¶ 32, 517 P.3d 399, 405 (same).

[25] *Jensen*, 2003 UT App 444 at ¶ 11, 83 P.3d at 408.

[26] *Davis Cnty. v. Progressive Nw. Ins. Co.*, 2008 UT App 414, ¶ 7, 197 P.3d 669, 671; *see also* Utah Code Ann. § 31A-22-201.

[27] *Progressive Nw. Ins. Co.*, 2008 UT App 414 at ¶ 7, 197 P.3d at 671 (quoting *Speros v. Fricke*, 2004 UT 69, ¶ 9, 98 P.3d 28, 31) (citation modified).

judgment. Because Plaintiff's claims are barred under Utah law, the court should grant State Farm's motion to dismiss and dismiss Plaintiff's claims with prejudice.

## RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS that State Farm's motion to dismiss[28] be GRANTED, and Plaintiff's claims be DISMISSED WITH PREJUDICE.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[29] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[30] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[28] ECF No. 3.

[29] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[30] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).