**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

**MARTIN PECANHA TEIXEIRA VAZ,**

Plaintiff,

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

Defendant.

**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND MOTION FOR RECUSAL**

**Case No. 2:25-CV-860-DAK**

**Judge Dale A. Kimball**

This matter is before the court on Plaintiff's Renewed Motion to Proceed In Forma Pauperis on Appeal [ECF No. 35] and Plaintiff's Motion for Recusal and Reassignment Under 28 U.S.C. § 455(a) [ECF No. 38].

On September 3, 2026, the court denied without prejudice Plaintiff's first motion to proceed *in forma pauperis* [ECF No. 33] because Plaintiff had not complied with Rule 24(a)(1). The court allowed Plaintiff thirty days to resubmit his motion in proper form and content. Plaintiff's second motion remains deficient. Plaintiff has again submitted the form used to request *in forma pauperis* status in a district court action rather than the Appellate Form 4 as required by Rule 24.

Additionally, Rule 24 provides that "a party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court–before or after the notice of appeal is filed–certifies

that the appeal is not taken in good faith . . . and states in writing its reasons for the certification." Fed. R. App. P. 24(a)(3)(A). The court certifies that Plaintiff's current appeal is not taken in good faith. Plaintiff failed to plead a plausible cause of action against Defendant.

Moreover, on September 8, 2026, Plaintiff filed a Motion for Recusal. Pursuant to 28 U.S.C. § 455, judicial recusal is required when the judge's "impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. The inquiry requires consideration of whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). Under this test, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). And importantly, "[j]udges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

In his Motion for Recusal and Reassignment, Plaintiff has offered no valid justification for recusal. Despite his statement otherwise, the sole basis for the recusal request appears to be that this court has previously ruled against Plaintiff by adopting and affirming Magistrate Judge Bennett's Report and Recommendation dismissing his case [ECF No. 26]. It is well settled that adverse rulings do not provide grounds for recusal. *See Nickl*, 427 F.3d at 1298; *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988). Indeed, judges have "a strong duty to sit." *Wells*, 873 F.3d at 1251 (quoting *Nichols*, 71

F.3d at 351). This court has no personal or professional connections that would call its impartiality into question in this matter.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Recusal [ECF No. 38] is DENIED, and Plaintiff's Renewed Motion to Proceed In Forma Pauperis [ECF No. 35] is DENIED. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of Court shall immediately notify the Tenth Circuit Court of Appeals of this denial. Plaintiff should either pay the appellate filing fee or file a motion in the Tenth Circuit Court of Appeals to proceed *in forma pauperis* pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

DATED this 10th day of September 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge